614 F.2d 46
 23 Fair Empl.Prac.Cas. 1768,
22 Empl. Prac. Dec. P 30,741
Richard Bert NEWBOLD, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, American Postal Workers Union,
McKenzie Moore, Harold Long, Jr., Glenn Shuman and
Miguel Orta, Defendants-Appellees.
 No. 79-1812
Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 17, 1980.
Rehearing and Rehearing En Banc Denied April 18, 1980.
 
 Richard Bert Newbold, pro se.
 Kaplan, Sicking, Hessen, Sugarman, Rosenthal & Zienta, Steven M. Bloom, Miami, Fla., for American Postal Workers.
 Thomas H. Pigford, Memphis, Tenn., for U.S. Postal Service and McKenzie Moore.
 Appeal from the United States District Court for the Southern District of Florida.
 Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff, appearing pro se, filed his complaint in this case in September 1978[1] against the United States Postal Service, American Postal Workers Union, McKenzie Moore, Harold Long, Jr., Glenn Shuman, and Miguel Orta. He alleges that the Postal Service discriminated against him because of his race and that Moore and APWU joined with the Postal Service in a conspiracy to discriminate against him. Moore is alleged to be the equal employment opportunity officer at the Postal Service. Long, Shuman and Orta are alleged to be attorneys with whom plaintiff consulted in pursuing his claims against the Postal Service, Moore and APWU. The district court dismissed for failure to state a claim. Since the court considered matters outside the pleadings we consider the order as a summary judgment for defendants.
 
 
 2
 There was no subject matter jurisdiction of the claim against the Postal Service under 42 U.S.C. § 2000e-16(c) and other relevant provisions of Title VII because plaintiff did not timely file suit after receiving E.E.O.C.'s denial of his claim. Eastland v. Tennessee Valley Authority, 553 F.2d 364 (5th Cir.), Cert. denied, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977). Moreover, plaintiff in any event could not have sued APWU or Moore under § 2000e-16(c), providing for suit against the head of a department or agency or unit, as neither is a proper defendant under that section.
 
 
 3
 Nor may a suit for employment discrimination be brought against the Postal Service under 42 U.S.C. § 1981 Et seq., as Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Brown v. GSA, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402, 409 (1976). There was no union or individual defendant in Brown, so it does not squarely control with respect to suits under §§ 1981, 1983, 1985 or 1986 against Moore and APWU. However, the Brown court's broad language on preemption and exclusivity suggests that there is no cause of action against individuals under § 1981, Et seq. See Gissen v. Tackman, 537 F.2d 784, 786 (3d Cir. 1976) (en banc).
 
 
 4
 No claim was stated against the three attorneys. At most plaintiff alleged no more than that the attorneys did not handle his claims efficiently and thus must have been part of the alleged conspiracy against him. This does not rise to the level of a federal cause of action; moreover, absent any evidence of misfeasance on the part of the attorneys, the claim cannot withstand a motion for summary judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18
 
 
 [1]
 Thirty-three pages long, claiming damages of ten million dollars, and impugning the integrity of the federal district judge who presided over an earlier employment discrimination suit by plaintiff (dismissed for failure to exhaust administrative remedies)