**Catherine H. Johnson MILAM, Plaintiff-Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant-Appellee.**

**No. 81-7933**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 30, 1982.

O. Raymond Register, Atlanta, Ga., for plaintiff-appellant.

James E. Baker, U. S. Atty., Lawrence E. Gill, Asst. U. S. Atty., Atlanta, Ga., William H. Brown, Jr., Asst. Reg. Labor Counsel, Memphis, Tenn., for defendant-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge:

The Postal Service dismissed plaintiff Catherine Milam, asserting that she was undependable. Milam responded by filing a complaint with the Postal Service's equal employment opportunity officer, alleging that her gender and physical handicap were the real basis for her discharge. When the Postal Service later appealed a state labor department order granting Milam unemployment compensation, she filed a second complaint alleging that the appeal was in retaliation of her filing of the first complaint.

The Postal Service officer found both complaints groundless and notified her, using separate letters for each complaint, that she could appeal to the Equal Employment Opportunity Commission (EEOC) within 30 days. The letters each had a heading referring to the particular complaint at issue but otherwise were identical. Milam appealed to the EEOC, mentioning only the case number of the retaliation complaint. The EEOC denied the appeal, notifying her of its decision and of her right to sue within 30 days. Milam filed her claim on a Monday, 31 days after receipt of notification. The district court dismissed the complaint for lack of subject matter jurisdiction. It stated that 42 U.S.C.A. § 2000e–16(c) was a jurisdictional statute requiring a plaintiff to file suit within 30 days of receipt of an EEOC notification letter. Since the statute was jurisdictional, the court ruled that it had no power to extend the time limit even if the limitations period fell on a Sunday. We reverse.

862

The district court relied on the former Fifth Circuit holding in *Eastdale v. Tennessee Valley Auth.*, 553 F.2d 364, 368–69 (5th Cir.), *cert. denied*, 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977), in ruling that Section 2000e–16(c) was jurisdictional. That holding no longer is good law. *See Zipes v. Independent Fed'n of Flight Attendants*, —— U.S. ——, —— – ——, 102 S.Ct. 1127, 1129–35, 71 L.Ed.2d 234 (1982); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) (regarding 42 U.S.C.A. § 2000e–5(f)(1), analogous statute of Title VII for suits against private parties); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587–95, 591 n.15 (5th Cir. 1981) (en banc). Timely filing is not a prerequisite to federal jurisdiction. Permitting suit after the period has ended would not, therefore, work an extension of our jurisdiction.

> Fed.R.Civ.P. 6(a) provides that
>
> [i]n computing any period of time prescribed ... the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Rule 6(a) "does not provide a general rule of statutory construction which the courts are bound to apply to all time periods mentioned in any statute that may come before the courts." 2 Moore's Federal Practice § 6.06[2] (1981). Other courts have, however, found that Rule 6(a)'s provision should apply to Section 2000e–5(f)(1), which prescribes a 90 day time limit for filing suits against private parties:

> [I]n the light of the purposes intended to be served by Title VII, it is a sound interpretation of congressional intent that the party plaintiff is to have a full span of ninety days in which to file his action, and that accordingly, when the ninetieth calendar day is Saturday, Sunday, or holiday, the period does not expire until the end of the next day which is none of these three.

*Pearson v. Furnco Constr. Co.*, 563 F.2d 815, 819 (7th Cir. 1977); *accord, Kane v. Douglas, Ellman, Hollyday & Ives*, 635 F.2d 141, 142 (2d Cir. 1980). The court's reasoning is persuasive and equally applicable to suits under Section 2000e–16(c). We conclude that the intent of Congress in passing Section 2000e–16(c) was to adopt the provisions of Rule 6(a) allowing a party to file suit on the day following the weekend or holiday if a time period for filing ends on a weekend or holiday.

Milam also contends that she should be allowed to bring before the court her complaints of discharge because of sex and physical handicap discrimination. She did not appeal to the EEOC the denial of that complaint, she argues, because the Postal Service misled her in sending letters that were identical except for the initial heading noting the case number to which each letter referred. Her complaint is frivolous. The letters at issue were sufficiently specific and clear. She may no longer sue over the alleged discrimination involved in her discharge.

REVERSED and REMANDED