**Willis ROSS, Jr., Plaintiff-Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE, William Bolger, Postmaster General of the United States, Warren Phillips, Postmaster, Van Nuys Branch, United States Postal Service and Chuck Peters, Supervisor, Defendants-Appellees.**

No. 81–5511.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 31, 1982.*

Decided Jan. 14, 1983.

As Amended Feb. 24, 1983.

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S. C.A. 9th Cir.R. 3(a) and Fed.R.App. P. 34(a).

Arturo Morales, Van Nuys, Cal., for plaintiff-appellant.

Howard Gest, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, and SNEED and SCHROEDER, Circuit Judges.

PER CURIAM:

Willis Ross, Jr. appeals the summary judgment dismissing his employment discrimination case for failure to exhaust administrative remedies. We vacate the judgment and remand the case to the district court with instructions to dismiss the complaint without prejudice to Ross filing an administrative claim with the United States Postal Service.

I

Ross, a black male with a psychological disorder, was hired by the United States Postal Service. Shortly after his employment began, he believed that his supervisor was harassing him because of his race and disorder. After speaking to his union steward, he filed an informal complaint with the Equal Employment Opportunity (EEO) counselor. The informal procedure did not satisfy him. He received a Notice of Final Interview, advising him of his right to file a formal complaint, but did not pursue his remedies further.

After the alleged harassment began, Ross was increasingly absent from work. He was given notice of suspension because of excessive absences. He again consulted his union steward and filed a second informal complaint (and a grievance with the union). The EEO counselor was able to transfer Ross but apparently not in time to aid him. Ross received another Notice of Final Interview, but again chose not to file a formal complaint.

Ross was discharged on September 18, 1979. He again consulted his union steward. This time he filed a grievance with the union but did not file an EEO complaint. The union grievance was denied as untimely. On June 24, 1980, nine months after his discharge, he filed this action in district court. The district court granted summary judgment to the Postal Service on

the ground that Ross had failed to exhaust his administrative remedies. It held that Ross had received adequate notice of the requirement to exhaust administrative remedies. Ross appeals.

## II

■ A federal employee may file an action for employment discrimination under 42 U.S.C. § 2000e-16. The statute requires, however, that a complainant first seek relief in the agency. *Brown v. General Services Administration,* 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–1968, 48 L.Ed.2d 402 (1976). The requirement that a complainant file a *timely* administrative charge is not a jurisdictional prerequisite to suit. *Zipes v. Trans World Airlines,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982). Although *Zipes* involved 42 U.S.C. § 2000e-5, this court has held that there are no more jurisdictional prerequisites for federal employees than for private sector employees. *Clark v. Chasen,* 619 F.2d 1330, 1334 (9th Cir.1980).

■ We reject as premature Ross's contention that he should be excused from exhausting administrative remedies because the Postal Service did not notify him that he must proceed through administrative channels. When there is a failure to exhaust because of lack of notice, the complainant may still file an untimely charge and allow the agency to decide whether the lack of notice excuses the untimeliness. In this way, administrative remedies may still be exhausted. *See Sampson v. Civiletti,* 632 F.2d 860, 863 (10th Cir.1980).

■ The Postal Service has the authority to extend the time limits for filing an administrative complaint. The regulations applicable to the Postal Service state in part:

> The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4) (1981). If Ross can show that he did not receive adequate notice or that any other reason justifies his failure to file a timely charge, the agency might extend the time limits and Ross might thus be able to exhaust administrative remedies.

■ The district court should not have considered whether Ross received notice, because Ross had not yet attempted to exhaust his administrative remedies. In accordance with the statutory scheme favoring administrative handling of discrimination claims, we remand this case to the district court with instructions to vacate the summary judgment and dismiss the action without prejudice to the initiation of administrative procedures.