**Otis WICKFALL, Jr., Plaintiff,**

v.

**William F. BOLGER, in his representative capacity as Postmaster General, Defendant.**

No. 82–2967–MA.

United States District Court, W.D. Tennessee, W.D.

Feb. 24, 1984.

Richard A. Brackhahn and Alan Gardner, Brackhahn, McNeil, Swain & Hughes, Memphis, Tenn., for plaintiff.

Joe A. Dycus, Asst. U.S. Atty., Memphis, Tenn., for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

McRAE, Chief Judge.

The plaintiff was formerly employed as a mail handler by the United States Postal Service at its Bulk Mail Center in Memphis, Tennessee, and was discharged from that position on November 28, 1980. Primarily, the plaintiff maintains that his discharge was due to racial discrimination, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16. Defendant maintains that the plaintiff was discharged for failure to report for duty as scheduled. The plaintiff appealed his removal to the Merit Systems Protection Board, which denied his claims of discrimination. The plaintiff then appealed to the Equal Employment Opportunity Commission, and it adopted the MSPB's finding of no discrimination. On December 10, 1982, the plaintiff received notice of the EEOC's decision and of his right to file a civil action within thirty (30) days. On December 30, 1982, the plaintiff filed a Complaint for Discrimination in Employment with this court, naming as the sole party defendant, the United States Postal Service. The thirty-day limitations period for filing suit expired on January 10, 1983. On January 18, 1983, the Complaint was served upon Charles Pool, the Postal Service's Regional Counsel, in Memphis. An Answer, filed on March 1, 1983, stated as affirmative defenses that the plaintiff failed to name the proper party defendant and to insure sufficiency of process. On

March 10, 1983, the plaintiff filed a Motion for Leave to Amend the Complaint so as to name Postmaster General William F. Bolger as the proper party defendant. This Court granted the plaintiff's Motion for Leave to Amend on March 30, 1983.

Presently before the Court is the defendant's Motion to Dismiss. The defendant has also filed a Motion for Summary Judgment; however, this Court concludes that the merits of the case need not be addressed. In the Motion to Dismiss, the defendant contends this matter is not properly before the Court because the plaintiff failed to file a timely complaint against the Postmaster General, and also failed to timely serve the Postmaster General. In support of its motion, defendant shows that pursuant to Title VII, the party defendant in a federal employment discrimination complaint is required by statute to be the "head of the department, agency or unit ...." 42 U.S.C. § 2000e–16. A single named defendant is contemplated and other named parties are inappropriate. The defendant contends that since plaintiff did not file the Complaint against the Postmaster General within thirty (30) days following receipt of the EEOC's final decision and notice of right to sue, the action should be dismissed for lack of jurisdiction. *See Brown v. GSA,* 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1961); *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.) *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101, *reh'g denied,* 449 U.S. 1027, 101 S.Ct. 600, 66 L.Ed.2d 490 (1980). The defendant asserts that the plaintiff's amending of the Complaint to name the proper defendant does not relate back to the date the Complaint was originally filed and, therefore, does not cure the untimely filing of the Complaint against the Postmaster General. The plaintiff maintains that the amendment changing the name of the defendant does relate back to the date the original Complaint was filed.

*Fed.R.Civ.P.* 15(c) sets forth the limited circumstances under which an amendment to a complaint changing the name of a party will relate back to the date the original complaint was filed. The wording of this rule shows that three prerequisites must be met before the amendment relates back to the time of the original pleading. First, the amendment must arise from the same conduct, transaction, or occurrence set forth in the original complaint. Second, the amended party must receive, "within the period provided by law for commencing the action against him, "such notice of the institution of the lawsuit so he will not be prejudiced in defending it." Third, within the same time period, the new party must have or should have known that, but for a mistake regarding the identity of the proper party, the action would have been brought against him.

In the instant case, the amendment did arise from the same events as those set forth in the original Complaint. However, relation back requires that actual notice be received by the government within the period provided by law for commencing the action, and such notice must comply with Rules 4(d)(4) and (5). Since service was not completed upon anyone until after the thirty-day limitation period had expired, it is evident that no notice of any kind occurred within the time specified by Rule 15(c). Consequently, the Amended Complaint, filed outside the mandatory thirty-day limitations period, does not relate back to the date of the original filing and, therefore, is untimely. *See Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981); *Carr v. Veterans Administration,* 522 F.2d 1355, 1357–58 (5th Cir.1975). *See also* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1499 (1971).

Based on the foregoing, the defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.