No. 83–6839.   STUCKETT *v.* UNITED STATES POSTAL SERVICE. C. A. 7th Cir.   Certiorari denied. ▬

JUSTICE WHITE, with whom JUSTICE REHNQUIST joins, dissenting.

In *Zipes* v. *Trans World Airlines, Inc.*, 455 U. S. 385 (1982), we held that the timely filing of an employment discrimination charge with the Equal Employment Opportunity Commission (EEOC) is not a jurisdictional prerequisite to a suit under Title VII of the Civil Rights Act of 1964 against a private employer. The time limit on the filing of a charge is therefore subject to waiver, estoppel, and equitable tolling. In so holding, we settled a conflict among the Courts of Appeals. This case presents a similar question, against the background of a similar conflict, regarding Title VII suits against the Federal Government.

After being fired by respondent, petitioner filed a complaint with the EEOC alleging racial discrimination. The Commission denied relief, and petitioner then filed suit in Federal District Court. Under 42 U. S. C. § 2000e–16(c), the complaint was due within 30 days of petitioner's receipt of notice of the EEOC's final action. The District Court determined that petitioner had missed this deadline and dismissed for want of jurisdiction. Fed. Rule Civ. Proc. 12(b)(1). The Court of Appeals affirmed, stating that "the time limits for filing Title VII actions against the federal government are jurisdictional." App. to Pet. for Cert. 2. The court relied on *Sims* v. *Heckler*, 725 F. 2d 1143 (CA7 1984), which held that a federal employee's failure to file a timely administrative charge barred a later suit. *Sims* concluded that considerations of sovereign immunity made the principles underlying *Zipes* inapplicable when the defendant is the Federal Government.

The position of the Seventh Circuit directly conflicts with that of three other Courts of Appeals. See *Martinez* v. *Orr*, 738 F. 2d 1107 (CA10 1984); *Milam* v. *United States Postal Service*, 674 F. 2d 860 (CA11 1982); *Saltz* v. *Lehman*, 217 U. S. App. D. C. 354, 672 F. 2d 207 (1982) (time limit for filing with EEOC). The Ninth Circuit might be added to this list, though its position is unclear. See *Cooper* v. *Bell*, 628 F. 2d 1208, 1213, and n. 10 (1980); *Ross* v. *United States Postal Service*, 696 F. 2d 720 (1983); *Rice* v. *Hamilton Air Force Base Commissary*, 720 F. 2d 1082, 1083–1084, and n. 1 (1983).

Whether tolling would be appropriate in this case if the time limit is not jurisdictional was neither argued nor considered below. Because the complaint was dismissed under Rule 12(b)(1), the question of the jurisdictional significance of the 30-day limit is squarely presented. In light of the conflict among the lower courts, I would grant certiorari.