No. 84–600. Cooper v. United States Postal Service. C. A. 9th Cir. Certiorari denied.

Justice White, dissenting.

In December 1980, petitioner filed an administrative complaint with respondent, her employer, alleging that she had been denied

a position because of her sex. The Regional Postmaster General denied the complaint, notifying petitioner that she could appeal to the Equal Employment Opportunity Commission within 20 days, or file suit in federal district court within 30. See 42 U. S. C. § 2000e–16(c). Choosing the latter route, petitioner filed this suit on October 29, 1982, the day before the 30-day limit expired. She did not serve copies of the complaint on the United States Attorney or the Attorney General until January 1983, and did not serve the Postmaster General until February. The record does not indicate when or if the Postal Service, which was the named defendant, was served, but it was not within the 30-day period.

The District Court dismissed the complaint because it did not name the proper defendant, who was the Postmaster General. § 2000e–16(c). Petitioner sought to correct this defect and have the amendment relate back to the date of the initial complaint. See Fed. Rule Civ. Proc. 15(c).[1] The District Court denied the motion on the ground that the Postmaster General had not had notice of the suit within the 30-day period.

On appeal, a panel of the Ninth Circuit agreed that the Postmaster General was the only proper defendant and that the 30-day period was a flat—parenthetically, a jurisdictional—requirement. 740 F. 2d 714, 716 (1984). Therefore, petitioner's action was necessarily time-barred unless the amendment could relate back to the date of the original complaint. Observing that "[t]here is no unanimity among the circuits concerning the proper interpretation of rule 15(c)'s notice provision," *ibid.*, the court adopted a strict, literal reading and affirmed.

---

[1] That Rule provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have know that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

"The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant."

The case raises two important issues. The first is whether the 30-day limit of § 2000e–16(c) is jurisdictional or, like the equivalent limitation for suits against private employers, see *Zipes* v. *Trans World Airlines, Inc.*, 455 U. S. 385 (1982), subject to waiver, estoppel, and equitable tolling. I have previously noted my dissent from the Court's refusal to address this issue, which has divided the Courts of Appeals. See *Stuckett* v. *United States Postal Service*, 469 U. S. 898 (1984) (WHITE, J., joined by REHNQUIST, J., dissenting from denial of certiorari). In light of the Court of Appeals' firm stance on the 30-day requirement and its view that petitioner's claim "must be barred" unless the amendment related back, I believe the issue is presented here. I continue to think it merits our attention.

The petition also challenges the Ninth Circuit's strict reading of Rule 15(c).[2] As that court observed, the Courts of Appeals have not taken a consistent approach to this provision. Some have rejected a literal construction of the requirement that the added party have had notice of institution of the action within "the period provided by law for commencing the action against him," allowing, for example, a reasonable time thereafter for service of process. See *Kirk* v. *Cronvich*, 629 F. 2d 404, 408 (CA5 1980); *Ingram* v. *Kumar*, 585 F. 2d 566, 571–572 (CA2 1978), cert. denied, 440 U. S. 940 (1979); see also *Ringrose* v. *Engelberg Huller Co.*, 692 F. 2d 403, 410 (CA6 1982) (Jones, J., concurring). The argument in favor of such a grace period for service of process is appealing when the statute of limitations is as short as 30 days. On the other hand, the Ninth Circuit is hardly alone in requiring that the added defendant have had notice strictly within the limitations period. See, *e. g.*, *Watson* v. *Uni-press, Inc.*, 733 F. 2d 1386, 1390 (CA10 1984) (explicitly rejecting *Ingram, supra*); *Trace X Chemical, Inc.* v. *Gulf Oil Chemical Co.*, 724 F. 2d 68, 71–72 (CA8 1983); *Hughes* v. *United States*, 701 F. 2d 56, 58–59 (CA7 1982).

Relying on the implications of the Rule's second paragraph, respondent argues that except as provided therein, actual notice is

---

[2] The two questions presented are not unrelated. For example, were the 30-day period jurisdictional, the question would arise whether a district court would even have the power, notwithstanding the authorization of Rule 15(c), to add a new defendant after 30 days. See generally *Canavan* v. *Beneficial Finance Corp.*, 553 F. 2d 860, 864–865 (CA3 1977).

always required against a federal defendant. It points out that the cases with which the decision below conflicts did not involve federal defendants. This effort to separate federal from private defendants may or may not be legitimate, but neither the court below nor any other cited decision relied on the identity of the added defendant in denying relation back. Moreover, this argument goes more to the question of when the added defendant may be deemed to have had notice,[3] rather than the question, raised by petitioner, whether the period within which notice is required may be viewed flexibly.

In light of the conflicts in the lower courts on both issues raised by this petition, I would grant certiorari and set the case for oral argument.

---

[3] In some cases, as where a complaint naming a corporation as the defendant is later amended to add the corporation's owner, *e. g., Itel Capital Corp.* v. *Cups Coal Co.*, 707 F. 2d 1253, 1258 (CA11 1983), or parent corporation, *e. g., Marks* v. *Prattco, Inc.*, 607 F. 2d 1153 (CA5 1979), the added party is deemed to have had notice in light of its identity of interests or close association with the original defendant. See generally *Hernandez Jimenez* v. *Calero Toledo*, 604 F. 2d 99, 102–103 (CA1 1979). Petitioner's position is somewhat weak in this regard because, while the complaint was filed within the requisite 30 days, no party was served with process within that period.