Levi ROSS, Plaintiff-Appellant,

v.

**U.S. POSTAL SERVICE,**
Defendant-Appellee.

No. 86–8471
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 13, 1987.

E. Ronald Garnett, Augusta, Ga., for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, Ga., Joan C. Goodrich, U.S. Postal Service, Office of Labor Law, Washington, D.C., for defendant-appellee.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

The sole issue raised on this appeal is whether the thirty-day limitation contained in 42 U.S.C.A. § 2000e–16(c), relating to the time for filing a Title VII civil action in the federal district court by an aggrieved federal employee after adverse agency action, is jurisdictional. Although the circuits are not in accord on the question of whether the thirty-day limitation of section 2000e–16(c) is jurisdictional, the law in this Circuit is clear that it is not jurisdictional. *Miller v. Marsh,* 766 F.2d 490, 493 (11th Cir.1985); *Milam v. United States Postal Service,* 674 F.2d 860, 862 (11th Cir.1982). We therefore reverse the judgment of the district court which dismissed the suit for lack of jurisdiction, and remand for further consideration.

Levi Ross, an applicant for employment who suffered from a spinal condition known as first degree spondylahisthesis, alleges that the United States Postal Service discriminated against him on account of his disability. Ross filed a complaint in the United States District Court for the Southern District of Georgia on December 19, 1985, alleging receipt of notice of final agency determination on November 19, 1985. The Postal Service, by motion, claimed the district court lacked subject matter jurisdiction because Ross received notice of final agency determination on November 5, rather than November 19, so his suit was filed more than 30 days after final agency action. Supporting affidavits were submitted along with a return receipt for certified mail, containing the final agency action notification, dated November 5 and signed by Ross.

The district court, relying on *Newbold v. United States Postal Service,* 614 F.2d 46, 47 (5th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980), dismissed for lack of subject matter jurisdiction because of untimely filing. *Newbold,* a former Fifth Circuit case relying on *Eastland v. Tennessee Valley Authority,* 553 F.2d 364 (5th Cir.), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977), held that no subject matter jurisdiction existed under section 2000e–16(c) and other relevant pro-

visions of Title VII when the plaintiff fails to timely file suit after receipt of E.E.O.C.'s denial of his claim. 614 F.2d at 47. *Eastland,* however, was effectively overruled in *Milam v. United States Postal Service,* 674 F.2d at 862. In *Milam,* the Court addressed the dismissal of a complaint for lack of subject matter jurisdiction which was filed on Monday, the thirty-first day after receipt of final agency action and outside the section 2000e–16(c) time limitation. The district court, relying on *Eastland,* had held the limitation to be jurisdictional. The *Milam* Court reversed. The Court stated that *Eastland* was no longer good law and cited *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1069 (5th Cir. Unit A 1981), and *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 587–95, 592 n. 15 (5th Cir.1981) *(en banc).* The Court held that timely filing is not a prerequisite to federal jurisdiction. 674 F.2d at 862.

Several other circuits have come to the same conclusion. *See Hornsby v. United States Postal Service,* 787 F.2d 87 (3d Cir. 1986); *Henderson v. United States Veterans Admin.,* 790 F.2d 436, 440 n. 4 (5th Cir.1986) (citing *Oaxaca v. Roscoe,* 641 F.2d 386, 388 (5th Cir.1981)); *Zografov v. V.A. Medical Center,* 779 F.2d 967 (4th Cir.1985); *Martinez v. Orr,* 738 F.2d 1107 (10th Cir.1984); *Saltz v. Lehman,* 672 F.2d 207 (D.C.Cir.1982). The position of some circuits is not clear. *See, e.g., Scott v. St. Paul Postal Service,* 720 F.2d 524 (8th Cir.1983), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1453, 79 L.Ed.2d 770 (1984) (affirming dismissal for lack of subject matter jurisdiction, but, referring to the requirement as a statute of limitations and stating that equitable tolling was not appropriate on the facts given). The Seventh Circuit has held that while the filing requirements of section 2000e–5(f)(1), relating to private defendants, is nonjurisdictional, the doctrine of sovereign immunity compels a different result when the federal Government is a party defendant. *Sims v. Heckler,* 725 F.2d 1143 (7th Cir.1984). *See also Rice v.*

*Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1083 (9th Cir.1983).

The issue has not been squarely addressed by the United States Supreme Court, but two justices appear ready to resolve the conflict. *See Stuckett v. United States Postal Service,* 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White, J., and Rehnquist, J., dissenting from denial of petition for *writ of certiorari); see also Cooper v. United States Postal Service,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (White, J., dissenting).

Having concluded that it lacked subject matter jurisdiction to entertain the claim, the district court did not pass on the defendant's remaining pre-trial motions or consider the question of whether equitable tolling would be appropriate. The decision of the district court is reversed and the case remanded for further consideration.

REVERSED and REMANDED.