**Siraporn B. CHIMAPAN,**
**Plaintiff–Appellant,**

v.

**V.A. HOSPITAL AT MONTROSE,**
**Defendant–Appellee.**

**No. 344, Docket 89–6102.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1989.

Decided Jan. 23, 1990.

Thomas J. Rossi, Douglaston, N.Y. (Canfield, Ventusti & Madden, Douglaston, N.Y., of counsel), for plaintiff-appellant.

Paula T. Dow, Asst. U.S. Atty., S.D.N.Y. (Benito Romano, U.S. Atty., and Edward T. Ferguson, III, Asst. U.S. Atty., S.D.N.Y., New York City, of counsel), for defendant-appellee.

Before VAN GRAAFEILAND,
PIERCE and PRATT, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Siraporn Chimapan appeals from a summary judgment of the United States District Court for the Southern District of New York dated December 28, 1988, which dismissed her pro se action against the Veterans Administration Hospital at Mont-

---

rose. For the reasons hereafter discussed, we reverse and remand.

The gravamen of Chimapan's complaint is that she was discharged from employment at the Hospital because of her race in violation of section 11 of the Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 111 (codified as amended, 42 U.S.C. § 2000e–16). Chimapan first sought relief from the Equal Employment Opportunity Commission, but the Commission decided on January 18, 1985 that her claim of discrimination was without merit. After receiving a copy of this decision on January 29, 1985, Chimapan decided to bring suit pursuant to the provisions of section 2000e–16(c).

The District Court Clerk's records show that, on February 15, 1985, Chimapan signed a Declaration in Support of Request to Proceed In Forma Pauperis and that, on March 12, 1985, Judge Motley signed an order permitting Chimapan to proceed in this manner. Judge Motley's order and a pro se complaint were filed with the Clerk of the Southern District on April 1, 1985, and a summons was issued on that day. Service was effected on the United States Attorney for the Southern District of New York on June 5, 1985. On September 16, 1985, the Hospital filed its answer which, in addition to general denials, alleged failure to state a claim, lack of subject matter jurisdiction and failure to name and sue the proper party defendant. For almost two years thereafter, the action languished in the district court without any appreciable effort by either side to progress it towards disposition.

Finally, on October 22, 1987, Chimapan was given permission by the district court to serve a Request for First Production of Documents. Apparently, this prompted the Hospital's motion for summary judgment, the granting of which has given rise to this appeal. In support of its motion, the Hospital relied on the provisions of section 2000e–16(c). This section provides in substance that a complainant, aggrieved by the E.E.O.C.'s final disposition of his or her grievance against a department, agency, or unit of the federal government, may, within thirty days of the receipt of notice of the adverse disposition, file a civil action "in which the head of the department, agency, or unit, as appropriate, shall be the defendant." As is obvious from the caption herein, Chimapan did not comply with the above-quoted portion of this section. There also is a substantial dispute as to whether Chimapan complied with the remainder of the section. *See also* Fed.R.Civ.P. 4(d)(4) and (5).

Seeking to avoid the granting of the Hospital's summary judgment motion, Chimapan, who by this time was represented by counsel, filed a cross-motion to amend her complaint so as to name "Administrator, Veterans Administration" as the defendant. Under Fed.R.Civ.P. 15(c), an amendment such as this relates back to the date of the original pleading if "within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Rule 15(c) also provides that the delivery of process to the United States Attorney or his designee satisfies the requirement of the above-quoted clauses (1) and (2) with respect to any agency or officer thereof to be brought into the action as a defendant. Chimapan contends that she is entitled to the benefits of this rule.

In Chimapan's affidavit submitted in response to the Hospital's motion for summary judgment, she makes the following declarations under "penalty of perjury." On February 15, 1985, she sought help from the Pro Se Clerk of the Southern District. The Clerk gave her a printed form for a civil rights complaint, which Chimapan completed in longhand. The Pro Se Clerk typed and signed the civil cover sheet and prepared the summons, and on each of them the Clerk named the V.A. Hospital at Montrose as the defendant. Chimapan swears that immediately upon receiving the summons and complaint she went to the

office of the United States Attorney for the Southern District of New York and gave the complaint to the receptionist at the front desk on the main floor.

In response to Chimapan's affidavit, the Hospital filed the affidavit of the Chief Clerk for the Civil Clerk's Office of the United States Attorney, who described the detailed procedures followed by her office with regard to all personally served papers. The Clerk showed by reference to the actual records that the only complaint recorded as served in this action was the one received on June 5, 1985. Apparently persuaded by this evidence and Chimapan's inability "to provide any documentary evidence to support her claim" of service on February 15, 1985, and treating the issue as one involving its very jurisdiction, the district court denied Chimapan's motion to amend and granted the Hospital's motion for summary judgment.

We hold that Chimapan was entitled to a hearing on the issue of whether the requirements of section 2000e–16(c) and rule 15(c) were met. Although we can appreciate why the district court found the affidavit of the United States Attorney's Clerk more convincing than Chimapan's, mere persuasiveness is not the proper test for the grant or denial of a summary judgment motion. The factual allegations in Chimapan's affidavit cannot be denigrated in this fashion. *See Burtnieks v. City of New York*, 716 F.2d 982, 983–84 (2d Cir.1983); *American Manufacturers Mutual Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.*, 388 F.2d 272, 279 (2d Cir. 1967), *on remand*, 270 F.Supp. 619 (S.D.N. Y.1967), *aff'd on other grounds*, 446 F.2d 1131 (2d Cir.1971), *cert. denied*, 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972). What we have here is a disputed issue of fact in an unsettled area of the law. *See Cooper v. United States Postal Service*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (White, J., dissenting from denial of certiorari); *Stuckett v. United States Postal Service*, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White, J. joined by Rehnquist, J., dissenting from denial of certiorari). Summary judgment motions are not the proper vehicles for resolving

disputed issues of fact. *United States v. Bosurgi*, 530 F.2d 1105, 1110 (2d Cir.1976); *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1319–21 (2d Cir.1975).

In the absence of notice to the Administrator of the institution of the action, it is the timely service of process upon the United States Attorney that determines whether retroactive amendment should be permitted under rule 15(c). Because the granting of Chimapan's motion to amend would not be determinative of the issue whether Chimapan's complaint was timely and properly served, the hearing which we now direct should proceed as if the motion to amend were granted. *See Rossiter v. Vogel*, 134 F.2d 908, 912 (2d Cir.1943); *Seaboard Terminals Corp. v. Standard Oil Co. of New Jersey*, 104 F.2d 659, 660 (2d Cir.1939); *Retail Clerks International Ass'n v. Lion Dry Goods, Inc.*, 341 F.2d 715, 722–23 (6th Cir.), *cert. denied*, 382 U.S. 839, 86 S.Ct. 87, 15 L.Ed.2d 81 (1965). After there have been appropriate findings of fact, the case will be in proper posture for a decision to be made whether to follow a strict construction approach concerning service, as in *Messenger v. United States*, 231 F.2d 328, 330 (2d Cir.1956), or a more lenient one, as in *Ingram v. Kumar*, 585 F.2d 566, 570–72 (2d Cir.1978), *cert. denied*, 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979). *See* general discussion of issue in *Warren v. Department of the Army*, 867 F.2d 1156, 1159 (8th Cir.1989), and *Ross v. United States Postal Service*, 814 F.2d 616 (11th Cir.1987).

Reversed and remanded for further proceedings consistent with this opinion.