**Christopher Lee WILLIAMS**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.**

Civ. A. No. 86–2787.

United States District Court, E.D. Louisiana.

April 11, 1990.

Christopher Lee Williams, Dallas, Tex., pro se.

Glen K. Schreiber, Asst. U.S. Atty., New Orleans, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Before the Court is the motion of federal defendants to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. By agreement of the parties, oral argument was waived and this matter was taken under submission on the briefs. After reviewing the motion, memoranda of counsel, the record, and the law, the Court grants the motion for the reasons set forth below.

### Introduction

On July 11, 1986, the Court permitted plaintiff to call three witnesses to testify in order to preserve their testimony. The Court then stayed further action on the matter, including ruling on defendant's motion to dismiss for lack of subject matter jurisdiction, pending plaintiff's exhaustion of his administrative remedies. On August 15, 1989, after exhaustion of certain administrative remedies, plaintiff requested the Court to reopen this lawsuit. Following a status conference, the Court permitted the defendants to re-urge their motion to dismiss.

### Facts

Plaintiff Christopher Lee Williams was employed by the Equal Employment Opportunity Commission ("EEOC") as a GM–14 Supervisory Trial Attorney in the New Orleans District Office. He alleges in the instant action that the EEOC and two of its managers in New Orleans retaliated and conspired to retaliate against him in violation of the First Amendment to the United States Constitution and 42 U.S.C. §§ 1985 and 1986 for his having instituted certain actions in federal court against the Commission, and for having filed grievances under the Commission's internal grievance procedure.

On April 26, 1986, Mr. Williams was informed that he was to be reassigned from the New Orleans District Office to the New York District Office. Following an exchange of memorandums during the first two weeks of May, 1986, Mr. Williams negotiated a downgrade to a GS–13 attorney and a transfer to the Dallas District Office in lieu of reassignment to New York.

The present action was filed on July 1, 1986, apparently for the purpose of restraining the EEOC from accomplishing the negotiated transfer. The plaintiff had also filed a grievance under the EEOC's grievance procedure, formerly EEOC Order 571, on May 12, 1986. In addition, he had filed a complaint with the Office of Special Counsel ("OSC"), formerly of the Merit Systems Protection Board ("MSPB"), on May 10, 1986. The OSC denied plaintiff's complaint on June 18, 1986. Plaintiff thereafter reported to his new position in the Dallas District Office on September 1, 1986. He has subsequently taken a position as an administrative law judge with the Social Security Administration in Dallas.

A grievance examiner held a hearing on Mr. Williams' grievance complaint and issued a report and recommendation to the EEOC Chairman on September 18, 1987. The examiner found that the plaintiff's transfer to the New York District Office was not taken in reprisal for plaintiff's previous activities. However, the examiner did agree with the plaintiff that his downgrade to GS–13 was an adverse action. Before the EEOC Chairman could issue a decision on the examiner's recommendation, Mr. Williams filed an appeal with the MSPB. The EEOC Chairman then stayed his decision on the grievance pending resolution of the appeal.

It is undisputed that the plaintiff filed his appeal with the MSPB fourteen months after his transfer. Under MSPB regulations, such an appeal must be filed no later than twenty days after the effective date of the action being appealed. 5 C.F.R. § 1201.22(b) (1988). The plaintiff requested a waiver of the applicable time frames because he had been ignorant of his appeal rights to the Board until his receipt of the grievance examiner's recommended finding that his transfer was an adverse action. In view of plaintiff's expertise in agency procedure, the MSPB administrative judge rejected plaintiff's contentions and dismissed

his appeal as untimely. Plaintiff then appealed the MSPB decision to the United States Court of Appeals for the Federal Circuit. By decision dated February 14, 1989, the Federal Circuit affirmed the MSPB decision finding that Mr. Williams' transfer to Dallas was voluntary and that it was at his request and for his own convenience. *Williams v. EEOC*, 868 F.2d 1278 (Fed.Cir.1989).

After disposition of plaintiff's MSPB appeal with the Federal Circuit, the EEOC Chairman reactivated the plaintiff's administrative grievance. In a decision dated July 25, 1989, the EEOC Chairman found that once the examiner made the determination that the plaintiff's transfer was an adverse action he lacked subject matter jurisdiction to proceed further. Under EEOC Order 571, adverse actions are specifically excluded from the grievance procedures. Therefore, the Chairman rejected the examiner's findings and recommendations which went beyond the initial determination that such transfer was an adverse action. Instead, the Chairman made a specific finding that the plaintiff's reassignment was for legitimate management reasons and was not an action taken in retaliation for his protected activities. *Defendants' Motion to Dismiss*, Exhibit 16, at pp. 4–9.

### Analysis

■ Regardless of whether Mr. Williams characterizes the downgrade and transfer as an adverse action or as a lesser personnel action, he has had ample opportunity to take advantage of the remedies which were available to him. The Civil Service Reform Act of 1978 ("CSRA") provides Mr. Williams with an exclusive administrative scheme within which to challenge all agency employment actions. Constitutional challenges are fully cognizable under this system. *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). Elaborate grievance procedures are available for lesser personnel actions. However, "[t]he CSRA does not expressly authorize judicial oversight of these agency grievance systems." *Broadway v. Block*, 694 F.2d 979, 982 (5th Cir.1982).

Characterized as an adverse action, the plaintiff could have filed a timely appeal with the MSPB. *See* 5 U.S.C. §§ 7701(c) and 2302(b) (1988). Under these statutes, the MSPB could have considered Mr. Williams' claim that the EEOC demoted and transferred him in reprisal for activities protected under the Constitution. The MSPB could also have considered Mr. Williams' claim that the EEOC did not follow its own regulations when it negotiated the transfer and demotion in lieu of reassignment. Any decision of the MSPB would then have been reviewable upon appeal within twenty days to the United States Court of Appeals for the Federal Circuit.

Mr. Williams is a government attorney familiar with these procedural requirements. Despite this fact, Mr. Williams failed to file with the MSPB for almost fourteen months after the "adverse action" was taken. Mr. Williams claimed to be ignorant of his rights and requested a waiver of the applicable time restrictions. The administrative law judge found Mr. Williams' claim of legal ignorance "patently incredible" and ruled that his appeal was untimely. The Federal Circuit affirmed that ruling and stated

> [p]etitioner had admitted that the transfer to Dallas was voluntary and that it was at his request and for his own convenience. Notice of his right to appeal an adverse action is thus irrelevant.... we conclude [that] his arguments are specious, without merit, and that his appeal is frivolous.

*Williams v. EEOC*, 868 F.2d 1278 (Fed.Cir. 1989). Therefore, Mr. Williams not only exhausted his administrative remedies with respect to the "adverse action", he also obtained judicial review by the Federal Circuit. And, the Federal Circuit held that the action in question was not "adverse" at all.

Consequently, the plaintiff should not be able to avoid the *res judicata* effect of that determination, either directly through the instant suit, or indirectly by re-characterizing the EEOC transfer and downgrade as non-adverse. *See Angel v. Bullington*, 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947) (failure to reach the "merits" does not bar *res judicata* effect of prior

determination). In addition, given that non-adverse actions are generally not subject to judicial review, the plaintiff has, by virtue of the findings made by the EEOC Chairman, exhausted his grievance remedies. *Broadway*, 694 F.2d at 983. In *Broadway*, the Fifth Circuit held that a reassigned civil service employee had no right to judicial review under the CSRA, either express or implied, absent a claim of discrimination. And with respect to discrimination, the Supreme Court has recognized that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The plaintiff in the present action has made no Title VII claim.

■ Plaintiff also argues that 5 U.S.C. § 1222, better known as the Whistle Blower Protection Act of 1989, negates the exclusive provisions of the CSRA. However, the savings provision of the Act prevents any application of the Act to any administrative proceeding which was pending on July 9, 1989, the effective date of the Act:

> ADMINISTRATIVE PROCEEDINGS.— No provision of this Act shall affect any administrative proceeding pending at the time such provisions take effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom, as if this Act had not been enacted.

Pub.L. No. 101–12, 103 Stat. 16, 34 (1989). As has already been noted, the plaintiff's grievance was filed on May 12, 1986. A final decision was issued by the EEOC Chairman on July 25, 1989. Therefore, the Whistle Blower Protection Act of 1989 does not apply to the instant action.

There is no other cognizable basis of jurisdiction. The other statutes cited do not provide an independent basis of jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (Declaratory Judgment Act does not provide its own basis of jurisdiction). Alternatively, such statutes are precluded by the exclusive provisions of the CSRA. *See Broadway, supra; Newbold v. United States Postal Service*, 614 F.2d 46 (5th Cir.), *cert. denied*, 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980).

*Conclusion*

Mr. Williams has had a full and fair opportunity to have his claims heard as provided for in the CSRA. The Federal Circuit denied his appeal and characterized his claim as non-adverse and his transfer as voluntary. The grievance had been heard and the EEOC Chairman has issued a ruling denying the grievance and finding that the transfer and downgrade were accomplished for legitimate management reasons. Given Mr. Williams' current status as an administrative law judge with the Social Security Administration, his other equitable claims are clearly moot.

Accordingly,

IT IS ORDERED that Mr. Williams claims against all defendants in this matter are DISMISSED WITH PREJUDICE, plaintiff to bear costs.