Robie Louis SCOTT, Appellant,

v.

ST. PAUL POSTAL SERVICE, Appellee.

No. 83–2079.

United States Court of Appeals,
Eighth Circuit.

Nov. 8, 1983.

Certiorari Denied March 5, 1984.
See 104 S.Ct. 1453.

Robie L. Scott, pro se.

James A. Friedman, Washington, D.C., for St. Paul Postal Service.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Robie Louis Scott, a mail clerk, brought a Title VII action in the district court[1] against his employer, the St. Paul Postal Service, alleging that he was denied promotions to various supervisory positions because of his race. Noting that Scott did not file his action within thirty days of receipt of the Postal Service's final decision rejecting his claim, the district court dismissed his complaint for lack of subject matter jurisdiction. We affirm.

---

**1.** The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

42 U.S.C. § 2000e–16(c) provides that a person seeking relief under Title VII must file the action within thirty days of receipt of the agency's final decision. Scott failed to meet this requirement. On January 3, 1983, he received a letter from the Postal Service informing him that his complaint alleging racial discrimination was rejected as untimely. In addition, the letter advised him that if he was dissatisfied with "this final decision," he could either appeal to the EEOC or file a civil action in district court within thirty days. Scott did not file his action until February 23, 1983, fifty-one days after he received the letter.

Scott, who is proceeding pro se, argues that his complaint is one of continuing discrimination to which strict time limits do not apply. We reject this contention. A continuing violation of Title VII does not excuse an aggrieved employee from complying with the applicable statutes of limitations. Rather, it simply allows an employee to include in his initial complaint with the EEOC or the employing agency allegedly discriminatory acts that occurred before the limitations period, provided that at least one of the acts complained of falls within the limitations period. *See, e.g., Allen v. Amalgamated Transit Union Local 788,* 554 F.2d 876, 880 (8th Cir.), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). A claim of continuing discrimination does not in any way affect the complainant's obligation to file an action in district court within thirty days of receipt of the agency's final decision disposing of his complaint.

Scott, presumably raising an estoppel argument, also contends that he was unable to take time off work during part of the limitations period and that he had difficulty finding a lawyer. Neither reason constitutes a legal justification for tolling the limitations period.

Having reviewed the record in this case, we affirm the judgment of the district court dismissing Scott's complaint. This affirmance is entered pursuant to 8th Cir.R. 12(a).