# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3899

_____

Ronald H. Winslow,

        Appellant,

v.

Lawrence Summers, Secretary of the
Department of Treasury,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*
\*

_____

Submitted: October 19, 2000
Filed: October 27, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

    Ronald H. Winslow appeals the District Court's[1] adverse grant of summary judgment to the Secretary of the Department of the Treasury (Secretary) in Winslow's employment discrimination suit. Having carefully reviewed the record and the parties'

_____

[1]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

briefs, we affirm.  See Crawford v. Runyon, 37 F.3d 1338, 1340-41 (8th Cir. 1994) (standard of review).

Initially, we note that Winslow was precluded from basing his discrimination claims on gender, as he failed to raise gender as an issue in his Equal Employment Opportunity Commission charges.  See Kells v. Sinclair Buick--GMC Truck, Inc., 210 F.3d 827, 836-37 (8th Cir. 2000).  Accordingly, we consider only handicap discrimination and retaliation.

As to the denial of Winslow's November 1990 temporary-transfer request, we agree with the District Court that he failed to show he was "handicapped" at that time: the record is devoid of evidence regarding limitations in major life activities other than working, and his doctor had recommended only lifting (and later cold-air) restrictions, suggesting his condition would improve.  See Demming v. Housing & Redev. Auth., 66 F.3d 950, 954-55 (8th Cir. 1995) (finding Rehabilitation Act plaintiff must first prove he has physical/mental impairment substantially limiting major life activity, or has record of or is regarded as having such impairment); cf. Wooten v. Farmland Foods, 58 F.3d 382, 385-86 & n.2 (8th Cir. 1995) (holding in Americans with Disabilities Act (ADA) context, employee limited to light duty involving no work with meat products or in cold environment was precluded from only narrow range of jobs, and thus was not substantially limited in major life activity of working).  In addition, Winslow did not establish a connection between the temporary-transfer denial and his protected Equal Employment Opportunity (EEO) activities.  See Cossette v. Minnesota Power & Light, 188 F.3d 964, 972 (8th Cir. 1999) (defining prima facie case of retaliation).

We further agree with the District Court that the claim related to the denial of Winslow's May 1991 permanent-transfer request was time-barred, and we reject Winslow's continuing-discrimination argument as meritless.  See Scott v. St. Paul

Postal Serv., 720 F.2d 524, 525 (8th Cir. 1983) (per curiam), cert. denied, 465 U.S. 1083 (1984).

Winslow's claim regarding his erroneous disqualification from consideration for an open position in November 1991 also fails. Even assuming, as did the District Court, that he was "handicapped" at that time, Winslow did not demonstrate that the Secretary acted "in circumstances that raise an inference of unlawful discrimination," Crawford, 37 F.3d at 1341, or that the disqualification was connected to his EEO activities. The Secretary readily admitted that the disqualification (based on failure to meet the time-in-grade requirement) was an error, and Winslow does not dispute that all wage-grade applicants were similarly disqualified from consideration. Instead, he contends--without support--that the Secretary disqualified the others to avoid hiring him. See Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 909 (8th Cir. 1999) (finding general statements in affidavits and depositions are insufficient to defeat properly-supported summary judgment motion).

Finally, we hold that the other allegedly discriminatory acts--an April 1991 evaluation and Winslow's assignment as acting foreman for only thirty days--did not constitute adverse employment actions. Cf. Cossette, 188 F.3d at 972 (finding negative performance appraisal did not by itself constitute adverse employment action within ADA's contemplation; at most, it resulted in loss of status without material change in salary, position, or duties).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.